IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AMANDA D. TUCKER-MEUSE,<br><br>            Plaintiff,<br><br>   vs.<br><br>DANE FIELD, ET AL.,<br><br>            Defendants. | CIV. NO. 21-00437 JMS-RT<br><br>ORDER DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT, ECF NO. 22 |

## ORDER DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT, ECF NO. 22

### I.  INTRODUCTION

Before the court is pro se Plaintiff Amanda D. Tucker-Meuse's

("Plaintiff" or "Tucker")[1] Second Amended Complaint ("SAC") against numerous

Defendants, including "Assign of Bank of Lincolnwood,"[2] "David Rosen and

David Rosen LLC," "James and Rhonda Fossbinder,"[3] Rebecca O. Filipovic,

---

[1] Although she identified herself in the first Amended Complaint as "Amanda D. Tucker-Meuse," *see* ECF No. 5 at PageID # 40, Plaintiff identifies herself in the SAC as "Amanda D. Tucker," *see* ECF No. 22 at PageID ## 362-63.

[2] In a listing of Defendants, Tucker identifies the first Defendant as: "ASSIGN OF BANK OF LINCOLNWOOD ( SVR Ventures, LCP Maui, Predatory Mutz Family ) Legacy Capital Partners, Laurel Real Estate[,] Jake Mutz, William Mutz, Pamela Mutz[,] Hannah Mutz, Rebecca Mutz."  ECF No. 22 at PageID # 363 (listing two addresses: one in Lakeland, Florida and one in Denver, Colorado).

[3] More specifically, Tucker identifies "James and Rhonda Fossbinder" as: "JAMES AND RHONDA FOSSBINDER , (FOSSBINDER AND FOSSBINDER LLC THE ISLAND LEGAL
(continued . . . )

Simon Klevansky, Alika Piper, Elaine Chow, Sharon Lovejoy, Stephanie

Thompson, and Susan Tius.[4]  ECF No. 22.  For the reasons stated below,

Plaintiff's SAC is DIMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and

1915A(b)(1), without leave to amend.

## II.  BACKGROUND

Plaintiff's SAC follows both (1) an initial Complaint, ECF No. 1, that

was dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1) for failure to

comply with Federal Rule of Civil Procedure 8, *see* ECF No. 4 at PageID ## 35-

38;[5] and (2) a first Amended Complaint, ECF No. 5, which was dismissed on the

same grounds, *see* ECF No. 9 at PageID # 93.[6]

In the SAC, Plaintiff asserts that "[e]ach defendant in this civil

---

GROUP IVEY FOSSBINDER)."  ECF No. 22 at PageID # 363 (listing an address in Wailuku,
Hawaii).

[4] It is unclear whether Tucker is naming as Defendants, in addition to individual
attorneys, the various law firms at which the attorneys are employed.  *See* ECF No. 22 at PageID
## 363-64.

[5] The court also dismissed the initial Complaint because Tucker lacked authority to file
the action on behalf of the named plaintiffs, then-identified as the "Division of Banking of
Illinois" and the "Federal Deposit Insurance Commission."  *See* ECF No. 4 at PageID ## 34-35;
*see also* ECF No. 1 at PageID ## 1-2.

[6] The court also dismissed Plaintiff's claims against U.S. Bankruptcy Judge Robert Faris
with prejudice based on judicial immunity and her official-capacity claims against Tiffany
Carroll, Curtis Ching, and Dane Field with prejudice based on sovereign immunity.  *See* ECF
No. 9 at PageID # 93.  In the SAC, Tucker asks to re-name Judge Faris, Carroll, Ching, and Field
as defendants.  *See* ECF No. 22 at PageID ## 391-92.  That request is DENIED for reasons
stated in the court's January 18, 2022 Order Dismissing Amended Complaint.  *See* ECF No. 9 at
PageID ## 81-87.

complaint has defrauded the Federal Government in the State of Hawaii by making

a false claim or record that diminishes the financial interest of the Federal

Government." ECF No. 22 at PageID # 369; *see also id.* at PageID # 376. To the

best of the court's understanding, Tucker appears to allege the following claims:[7]

(1)   "[V]iolat[ion] [of] their injunctive settlement with the [Federal Deposit Insurance Corporation ('FDIC')] and [Office of the Comptroller of the Currency ('OCC')]" against the "Assigns of the [Bank of Lincolnwood]," apparently in violation of 12 U.S.C. § 1818, *id.* at PageID # 371;

(2)   "[V]iolat[ion] [of] this injunctive settlement agreement" and "[filing of] a fraudulent affidavit with the courts in Hawaii in violation of [Hawaii Rule of Professional Conduct ('HRPC')] 3.3" against David Rosen, *id.* at PageID # 372;

(3)   A "scheme of fraud," including forgery and bankruptcy fraud, against James Fossbinder (her former attorney) and Rhonda Fossbinder (James Fossbinder's spouse) (collectively, the "Fossbinders"), as well as Rebecca Filipovic, a "law clerk," based on the "execut[ion] [of a] legal retainer for around $100,000 per annum," *id.* at PageID ## 373-74, 382, 384;

(4)   "[F]inancial fraud" against Simon Klevansky, *id.* at PageID # 375; and

(5)   Fraud against Sharon Lovejoy, Stephanie Thompson, and Susan Tius, "the attorneys of the predatory Mutz family," *id.* at PageID # 375.

For relief, Tucker seeks an order requiring "all parties to dismiss all

---

[7] At screening, Plaintiff's well-pleaded factual allegations are accepted as true. *See, e.g., Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

actions in Hawaii because of lack of subject matter jurisdiction and remand[ing]

this case back to Northern Illinois for civil and criminal contempt." *Id.* at PageID

# 390.  She also asks that each attorney-Defendant to this action be ordered to

"report" to the court (1) that "they had no standing or jurisdiction to file a

foreclosure on [Tucker's] personal residence or any of [her] debt free properties";

(2) that they acted in violation of HRPC 3.3;[8] and (3) "details of their malpractice

insurance carriers." *Id*. at PageID ## 390-91.  Relief requested against the

Fossbinders and Filipovic includes an "order[] to report their scheme of fraud to

the courts," including that Filipovic "masquerad[ed] as an attorney." *Id*.

## III.  **STATUTORY SCREENING**

The court must screen each civil action commenced under 28 U.S.C.

§ 1915(a), and order the dismissal of any complaint that is "frivolous or malicious;

. . . fails to state a claim on which relief may be granted; or . . . seeks monetary

relief against a defendant who is immune from such relief."  28 U.S.C.

§ 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en

banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to

---

[8] HRPC 3.3, titled "Candor Toward the Tribunal," states that "[a] lawyer shall not knowingly: (1) make a false statement of material fact or law to a tribunal; (2) fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client; (3) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or (4) offer evidence that the lawyer knows to be false."  HRPC 3.3(a).

dismiss sua sponte an in forma pauperis complaint that fails to state a claim);

*Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the

provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

To state a claim, a pleading must contain a "short and plain statement"

showing both the grounds of the court's jurisdiction and that the pleader is entitled

to relief. Fed. R. Civ. P. 8(a)(1)-(2); *see also McHenry v. Renne*, 84 F.3d 1172,

1177 (9th Cir. 1996) ("The Federal Rules require that averments 'be simple,

concise, and direct.'" (quoting Fed. R. Civ. P. 8(d)(1))). In considering whether a

complaint fails to state a claim, the court must set conclusory factual allegations

aside, accept non-conclusory factual allegations as true, and determine whether the

allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-

80 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also

Weber v. Dep't of Veterans Affs.*, 521 F.3d 1061, 1065 (9th Cir. 2008). A

complaint that lacks a cognizable legal theory, or alleges insufficient facts under a

cognizable legal theory, fails to state a claim. *See UMG Recordings, Inc. v. Shelter

Cap. Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (citing *Balistreri v.

Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

A district court may dismiss a complaint for failure to comply with

Federal Rule of Civil Procedure 8 where it fails to provide the defendant fair notice

of the wrongs allegedly committed. *See McHenry*, 84 F.3d at 1178-80 (affirming

5

dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"). Rule 8 does not demand detailed factual allegations, but it does require more than "the-defendant-unlawfully-harmed-me accusation[s.]" *Iqbal*, 556 U.S. at 678. That is, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation and quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (citation, quotation marks, and alterations omitted).

Tucker is appearing pro se; consequently, the court liberally construes the SAC and resolves all doubts in her favor. *See Hebbe v. Pliler*, 627 F.3d 338, 340 (9th Cir. 2010); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013). When a claim cannot be saved by amendment,

dismissal without leave to amend is appropriate.  *See Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## IV.  **DISCUSSION**

### A.  **Plaintiff's SAC Fails to Assert Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  The initial presumption is that a federal district court lacks jurisdiction.  *See id*.  Thus, a "party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."  *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) (per curiam).  Plaintiff fails to meet this burden.[9]

Even liberally construed, the SAC does not establish federal question jurisdiction.  Although Tucker appears to assert that the court has jurisdiction under 12 U.S.C. § 1818, *see* ECF No. 22 at PageID # 378, the court has no such jurisdiction.[10]  And to the extent that Tucker seeks to appeal a judgment or order of

---

[9] Plaintiff has been instructed twice before in this action that she must clearly state the basis for the court's jurisdiction, "whether federal question or diversity."  ECF No. 4 at PageID # 38; *see also* ECF No. 9 at PageID ## 87-88, 93.

[10] Section 1818 governs termination of a bank's status as an insured depository institution and provides for federal judicial action in certain circumstances.  To obtain injunctive relief under § 1818, an application must be made by specified entities (i.e., the depository institution or a federal banking agency) in the United States District Court for the District of Columbia or in the United States district court for the judicial district in which the home office of the depository
(continued . . . )

the United States Bankruptcy Court, the court lacks jurisdiction.  *See, e.g.*, ECF

No. 22 at PageID ## 380-82.  Although 28 U.S.C. § 158(a) confers jurisdiction on

district courts for certain bankruptcy appeals, notice of such appeals must be filed

with the bankruptcy clerk, not as a direct case in civil court.  *See* Fed. R. Bankr. P.

8003(a)(1) ("An appeal from a judgment, order, or decree of a bankruptcy court to

a district court . . . may be taken *only* by filing a notice of appeal with the

bankruptcy clerk within the time allowed by Rule 8002."  (emphasis added)).  *See*

*also In re Walsh*, 2021 WL 5833426, at *2 (D.N.J. Dec. 9, 2021); *In re Alexander*,

472 B.R. 815, 824 (B.A.P. 9th Cir. 2012).[11]

Further, Tucker has not established that diversity jurisdiction exists in

this action.  *See Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857-58 (9th Cir.

2001) ("[T]he party asserting diversity jurisdiction bears the burden of proof.").

Generally, for diversity jurisdiction to exist, the matter in controversy must (1)

"exceed[] the sum or value of $75,000, exclusive of interest and costs"; and (2) be

___

institution is located.  *See* 12 U.S.C. § 1818(a)(8)(D), (c)(2), (d).  Based on Tucker's allegations in the SAC, the depository institution at issue here appears to be the Bank of Lincolnwood, which apparently is located in Illinois—not in Hawaii.  *See, e.g.*, ECF No. 22 at PageID # 368. Further, Tucker is not among the specified parties authorized to apply for injunctive relief under § 1818.  *See* ECF No. 4 at PageID # 36 n.3 (stating the same in this court's November 15, 2021 Order dismissing Plaintiff's initial complaint).

[11] Tucker is well aware of the process for filing bankruptcy-court appeals, having filed numerous Notices of Appeal and Statements of Election in recent months.  *See* ECF No. 1-2 in *In re Tucker*, Civ. No. 21-00450 JMS-KJM; ECF No. 1-1 in *In re Tucker*, Civ. No. 21-00469 JMS-KJM; ECF No. 1-1 in *In re Tucker*, Civ. No. 21-00490 JMS-KJM; ECF No. 1-1 in *In re Tucker*, Civ. No. 21-00491 JMS-KJM.  Each of those appeals is now closed.

between "citizens of different States."  28 U.S.C. § 1332(a).  It is unclear what amount of money, if any, is in controversy in this action.  *See* ECF No. 22 at PageID ## 390-91.

Although Plaintiff includes addresses in a listing of Defendants, the citizenship of those individuals and entities is not clearly established—much less that there is *complete* diversity of citizenship.  *See id*. at PageID ## 363-64 (listing an address in Snowmass, Colorado for Plaintiff and including a Colorado address for Defendant "Assign of Bank of Lincolnwood" and thus possibly destroying complete diversity); *see, e.g.*, *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[Section] 1332 . . . requir[es] complete diversity:  In a case with . . . multiple defendants, the presence in the action of a single plaintiff from the same [s]tate as a single defendant deprives the district court of original diversity jurisdiction over the entire action.").

Plaintiff has thus failed to properly allege that the court has subject-matter jurisdiction over the dispute.

## B.     Plaintiff's SAC Fails to Comply with Rule 8[12]

Additionally, "[w]hile 'the proper length and level of clarity for a

---

[12] Although Plaintiff fails to allege a basis for federal subject-matter jurisdiction, the court proceeds to assess whether the SAC states a claim under 28 U.S.C. § 1915(e)(2)(B), which requires a court to conduct an initial screening of a pro se, in forma pauperis complaint to determine, among other matters, whether the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted."

pleading cannot be defined with any great precision,' Rule 8(a) has 'been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling.'" *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1217 (3d ed. 2010)); *see Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (stating that a violation of Rule 8 can be found "when a pleading says *too little*" and also "when a pleading says *too much*"); *see also McHenry,* 84 F.3d at 1179 ("Prolix, confusing complaints . . . impose unfair burdens on litigants and judges.").

Here, the SAC is not a "short and plain statement of the claim" showing that Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). The SAC comprises a confusing recitation of various alleged wrongs and conspiracies committed against Plaintiff at an unidentified time by any of the numerous individuals and entities listed as Defendants. *See generally* ECF No. 22. Further, if a claim alleges fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

Although Plaintiff appears to allege fraud against several Defendants, she does not specify which Defendants are in violation of any of Plaintiff's rights

under any particular law.[13]  This leaves Defendants and the court to guess what

those rights may be.  Even construed liberally, the court and Defendants must

guess as to which claims are asserted in the SAC against which Defendants and

what factual allegations support each claim.  The SAC fails to provide facts that

would give notice to the Defendants as to whether any particular claim or claims

are directed at them.  As such, it is impossible for any of the Defendants to answer

or defend against the SAC.  *See McHenry*, 84 F.3d at 1178-80 (affirming dismissal

of complaint where "one cannot determine from the complaint who is being sued,

_____

[13] To the extent that Plaintiff seeks to bring a claim against any attorney-Defendant under
HRPC 3.3, no such claim can succeed.  *See* ECF No. 22 at PageID ## 372, 374, 390.  As the
HRPC states, in relevant part:

> Violation of a Rule should not itself give rise to a cause of action
> against a lawyer nor should it create any presumption in such a
> case that a legal duty has been breached.  In addition, violation of a
> Rule does not necessarily warrant any other nondisciplinary
> remedy, such as disqualification of a lawyer in pending litigation.
> The Rules are designed to provide guidance to lawyers and to
> provide a structure for regulating conduct through disciplinary
> agencies.  They are not designed to be a basis for civil liability.
> Furthermore, the purpose of the Rules can be subverted when they
> are invoked by opposing parties as procedural weapons.  The fact
> that a Rule is a just basis for a lawyer's self-assessment, or for
> sanctioning a lawyer under the administration of a disciplinary
> authority, does not imply that an antagonist in a collateral
> proceeding or transaction has standing to seek enforcement of the
> Rule.  Nevertheless, since the Rules do establish standards of
> conduct by lawyers, a lawyer's violation of a Rule may be
> evidence of breach of the applicable standard of conduct.

HRPC, Scope at ¶ 7.  Additionally, "[f]ailure to comply with an obligation or prohibition
imposed by a Rule is a basis for invoking the disciplinary process."  *Id.* at ¶ 6.  In short, Plaintiff
cannot bring a claim against any of the attorney-Defendants under HRPC 3.3.

for what relief, and on what theory, with enough detail to guide discovery");

*Cafasso*, 637 F.3d at 1059; *see also Silver v. Queen's Hosp.*, 53 F.R.D. 223, 225

(D. Haw. 1971) ("Every plaintiff filing a complaint in a Federal District Court

must prepare his complaint in conformity with . . . Rule 8(a).  It is not the function

of trial judges to redraft, edit or otherwise conform complaints to the requirements

of the cited rule.").

And although Tucker provides some minimal facts regarding claims

against the Fossbinders and Filipovic, *see* ECF No. 22 at PageID ## 372-74, 383-

85, Tucker's allegations regarding those claims do not reach the point of pleading

sufficient, plausible facts to meet the required standard.  As the court informed

Tucker multiple times in this action, when considering whether a complaint fails to

state a claim, "the court must set conclusory factual allegations aside, accept non-

conclusory factual allegations as true, and determine whether the allegations state a

plausible claim for relief."  ECF No. 9 at PageID ## 79-80; *see also* ECF No. 4 at

PageID # 31.  Here, although Plaintiff alleges that her former attorney, James

Fossbinder, engaged in a "scheme of fraud . . . to 'churn' legal fees and mandated

the filing of bankruptcy," ECF No. 22 at PageID # 373, and that Rhonda

Fossbinder and Filipovic were somehow complicit in this scheme, Plaintiff has not

shown "sufficient" "factual content that allows the court to draw the reasonable

inference that [each particular] defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678 ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (quoting *Twombly*, 550 U.S. at 555)).

Accordingly, the SAC is DISMISSED.  And because Plaintiff was previously warned two times about the need to conform to Rule 8, *see* ECF No. 4 at PageID ## 35-38 & ECF No. 9 at PageID ## 88-90, and also that filing of a SAC would be her "final opportunity to amend her complaint," ECF No. 9 at PageID # 92, this dismissal is without leave to amend.  Any further amendment would be futile.

## V.  CONCLUSION

For the foregoing reasons, the court DISMISSES the SAC without leave to amend.  The Clerk of Court shall close the case file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 9, 2022.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Tucker-Meuse v. Field, et al.*, Civ. No. 21-00437 JMS-RT, Order Dismissing Plaintiff's Second Amended Complaint, ECF No. 22